## Religious Instruction in Public Schools.

*School law—School directors—Excusing pupils to attend denominational schools to receive religious instruction—School Code of May 18, 1911.*

Under section 1414 of the School Code of May 18, 1911, P. L. 309, the board of directors of a school district may not excuse pupils between the ages of eight and sixteen at stated periods during the legal school hours to attend denominational schools for the purpose of receiving religious instruction.

Department of Justice.    Opinion to Hon. J. George Becht, Superintendent of Public Instruction.

BROWN, Dep. Att'y-Gen., May 7, 1924.—This department is in receipt of your communication containing the following inquiry: "May the board of school directors of a school district excuse pupils, at stated periods during legal schools hours, to attend denominational schools for the purpose of receiving religious instruction?"

Every child between the ages of eight and sixteen years having a legal residence in this Commonwealth is required to attend a day school in which common English branches are taught in the English language, and the attendance must be continuous through the entire term.    Parents, guardians or other persons having control of any child or children between such ages must send them to such a school.

The School Code, in section 1414, provides: "Every child having a legal residence in this Commonwealth, as herein provided, between the ages of eight and sixteen years, is required to attend a day school in which the common English branches provided for in this act are taught in the English language; and every parent, guardian or other person in this Commonwealth having control or charge of any child or children between the ages of eight and sixteen years is required to send such child or children to a day school in which the common English branches are taught in the English language; and such child or children shall attend such school continuously through the entire term during which the public elementary schools in their respective districts shall be in session."

The hours during which children shall attend school are also fixed by the School Code, unless otherwise determined by the board of school directors. This is provided for in section 1605, which is as follows: "The board of school directors of each school district shall fix the date of the beginning of the school term, and, unless otherwise determined by the board, the daily session of school shall open at nine ante-meridian and close at four post-meridian, with an intermission of one hour at noon, and an intermission of fifteen minutes in the forenoon and in the afternoon."

The directors may change the school hours, the hours during which pupils must be in attendance.    They may determine that the session of school on one day in each week shall open at eight ante-meridian and close at three post-meridian, with the proper intermissions, and thus give pupils an opportunity to attend the school or church of their choice after legal school hours and secure religious instruction.    This can be done by the directors exercising the right given them in the Code, for section 1605 clearly gives the board of school directors power to determine school hours.    In fixing the school hours, however, directors must not be unmindful of the fact that the law contemplates a certain number of hours which must be set aside for school sessions, and these hours dare not be shortened.    If the school session is changed by beginning an hour earlier and dismissing an hour earlier one day in each week, and in the hour after dismissal pupils attend denominational schools for the purpose of receiving religious instruction, the public school officials are relieved of all

responsibility in connection with the attendance of the pupils at such denominational school.

By excusing pupils at stated periods during legal school hours to attend denominational schools for the purpose of receiving religious instruction, another question is presented. If this plan should be adopted, pupils would attend schools over which the public school authorities have no supervision and the teachers in which are in no way answerable to such authorities. Notwithstanding this, the school authorities would be responsible for the attendance of pupils at such schools during school hours. This would bring sectarian religious instruction definitely into the public school system and make the machinery of the public schools, particularly the Compulsory School Attendance Law, available to enforce attendance at denominational schools.

Sectarian religious instruction would become in effect an additional elective subject offered to pupils attending the public schools. When a pupil has elected a subject, the responsibility of the public school system to enforce the Compulsory Attendance Law by keeping official records of attendance is no less operative than in the case of all required subjects. The Compulsory Attendance Law operates during the entire period of time in which the schools are required to be kept open, and if public school pupils are excused during legal school hours to attend a sectarian religious school, official record of such attendance must be kept by the proper teachers and unexcused absences therefrom reported to local and State officers for action, as in the case of non-attendance upon regular public school subjects. How can this be accomplished when, as was said before, the school authorities have no supervision or control over the schools imparting religious instruction?

Another serious question arises. If the pupils of public schools are excused during legal school hours to attend sectarian or denominational schools, they must, and under the Compulsory Attendance Law can be compelled to, attend such schools, and it would be the duty of the school authorities to see that the law is enforced. This might conflict with the Constitution of the State, for in article I, section 3, it is provided: "No man can of right be compelled to attend, erect or support any place of worship."

Under section 404 of the School Code: "The board of school directors . . . may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper regarding the management of its school affairs."

Such rules and regulations, however, must not conflict with the law as it is written, and the law fixes school hours, unless otherwise fixed by the directors, but whether such hours have been fixed by law or by the board of school directors, the attendance of pupils must be continuous during such hours.

The School Code provides for compulsory education of children at school, and the only exemptions from such attendance are provided, by section 1413, for blind, deaf or mentally deficient children; by section 1415, for children on account of mental, physical or other urgent reasons; by section 1416, for children regularly employed in useful and lawful employment or services during the time the public schools are in session. But to sanction the invasion of the requirements of this law by permitting pupils during legal school hours to leave the public schools and go to such sectarian or denominational schools as they may select—schools in no way controlled by the public school authorities—would be to take from such authorities the power granted them by the act to compel attendance, and which would tend to the confusion and perhaps to the destruction of the system.

To sum up briefly, if the directors of a school district may order that one hour out of the six required by the Code to be devoted to instruction in the

prescribed branches of education, which excludes religious instruction, they may do indirectly what they cannot do directly.

In other words, they can make part of a public school education denominational or sectarian religious training, therein forbidden.

I am of the opinion, and therefore advise you, that the board of directors of a school district have not the right to excuse pupils who are between the ages of eight and sixteen years during legal school hours for the purpose of attending denominational schools to receive religious instruction.

From C. P. Addams, Harrisburg, Pa.